UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIHU BLANKS, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. _____ |
| | **CLASS ACTION** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS, | |
| Defendant. _____/ | |

## CLASS ACTION COMPLAINT

Plaintiff Elihu Blanks, by and through his attorneys, brings this class action on behalf of himself and all others similarly situated against Defendant Fitness International, LLC d/b/a LA Fitness, and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. With over 700 locations, Defendant is the largest fitness facility owner/operator in the country. Its annual revenue consistently exceeds $2 billion.

2. During a time when the entire country is focused on dealing with the health and financial impact of the COVID-19 pandemic, Defendant seized on the opportunity to unlawfully enrich itself.

3. Specifically, on March 16, 2020, Defendant voluntarily and indefinitely closed its fitness facilities around the country and furloughed most of its employees.

4. Defendant remained closed until June 26, 2020.

5.  Rather than cease its collection of membership fees, Defendant continued charging its members, primarily through automatic electronic debits that Plaintiff and the putative class members were helpless to stop.

6.  Instead of doing right by its members and refunding the unearned membership fees it should have never collected in the first place, Defendant has kept millions of dollars to which it is not entitled. Plaintiff estimates that Defendant is wrongfully refusing to refund at least $100,000,000 in unearned membership fees, and potentially even more.

7.  Instead of refunding these improperly collected fees, on March 30, 2020, Defendant sent an email to all members purporting to offer extended memberships or a free three-month membership for a friend or family member as an apology for closing its facilities earlier in the month and not refunding its members.

8.  The e-mail contains hyperlink to Defendant's website where members are supposed to select one of the two options.  Predictably, Defendant's website contains a "Limitation of Liability" clause in its Terms and Conditions that absolves Defendant of liability for the unearned membership fees it is attempting to keep.

9.  Currently, Defendant's website states that it took the following actions for individuals who were billed despite Defendant's closure:

> Some members were billed for a short period of time during which our clubs were closed. To address this, we immediately took the following steps. First, we automatically extended the membership time for all of those affected members. This means, for example, that if a member paid dues to use a club through March 31, then that member will have 15 additional days of membership time (corresponding to the 15 day period from March 17 through March 31) after their membership would have otherwise expired. Second, in appreciation for their patience during this confusion, we offered that same group of members the option to (1) take additional free membership time at the end of their membership or (2) receive a complimentary three-month membership to give to a new member which is redeemable over the next 12 months. We began notifying members with details about these options, and explaining how these options may be selected, over this past weekend.

2

LA Fitness, Press Releases, *LA Fitness' Response to Covid-19 Crisis*, available at https://www.lafitness.com/Pages/PressReleaseDetail.aspx?article=63 (last visited November 18, 2020).

10. Notably absent from Defendant's "steps" is any actual refund of the money it improperly collected, and as of the filing of this lawsuit, Defendant has yet to refund its members the millions of dollars in unearned membership fees it collected in March 2020.

11. Accordingly, Plaintiff has been left with no choice but to file this lawsuit to seek damages on behalf of themselves and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over Defendant because Defendant directs, markets, and provides its business activities throughout the State of Illinois. Further, this Court has personal jurisdiction over Defendant because Defendant's tortious conduct against Plaintiff occurred in part within this District and, on information and belief, Defendant committed the same wrongful acts to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

13. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of residence of the named parties. Additionally, this court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). Plaintiff seeks damages, which, when aggregated among a proposed class numbering in the millions, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act. Specifically, Plaintiff estimate – based on publicly available information – that there are at least 4,000,000 individuals who are members of Defendant's fitness facilities. Additionally, Plaintiff estimates – based on publicly available information – that Defendant's monthly revenue is approximately $166,000,000. Defendant's revenue is primarily

derived from the collection of membership fees. Plaintiff further alleges that Defendant is withholding between 15 to 30 days of unearned membership fees from Plaintiff and Class Members. Thus, even discounting for other types of revenue (e.g. retail sales), and facilities not located within the U.S., the amount in dispute easily exceeds the $5,000,000 threshold.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

15. Plaintiff is a natural person who, at all times relevant to this action, was a citizen of and domiciled in Cook County, Illinois.

16. Defendant is a California limited liability company whose principal office is located at 3161 Michelson Dr. Ste. 600, Irvine, CA 92612.

## FACTS

17. Beginning in approximately 1994, Plaintiff was a member of Bally Total Fitness in Chicago, Illinois.

18. In approximately December of 2011, Defendant purchased all Chicago area Bally Total Fitness locations, including the location that Plaintiff was a member of.

19. As part of the purchase, Defendant assumed all Bally membership agreements for the purchased clubs, including Plaintiff's membership, and began collecting membership dues.

20. Plaintiff continued his membership under the new LA Fitness ownership.

21. Plaintiff continued to make payments to Defendant for use of its facilities.

22. By accepting Plaintiff's payment, Defendant agreed to provide fitness facilities and services in exchange for payment of the membership fee.

23. On approximately March 10, 2020, Plaintiff paid his yearly dues in total.

24. On March 16, 2020, Defendant voluntarily closed all its fitness facilities in U.S., including the locations where Plaintiff regularly exercises. In other words, Defendant's facilities did not become unavailable. Rather, Defendant made the unilateral decision to close its facilities.

25. Instead of reimbursing Plaintiff the unearned membership fees it had already collected, Defendant kept the fees suspended billing starting in April.

26. As of the filing of this Complaint, Plaintiff and Class Members have not been reimbursed the unearned membership fees at issue.

27. Plaintiff and Class Members have been harmed by Defendant in the amount of unearned membership fees totaling millions of dollars.

28. Many of Defendant's members have taken to the Internet to voice their complaints about Defendant's dishonest conduct. The following is a small sampling of those on-line complaints:

- On March 16, 2020, LA Fitness sent out an email stating that all gyms nationwide would be closing until (at least) April 1st to try and staunch the spread of COVID-19. However, I was still charged for the entire month of March's tuition even though I haven't and won't be able to use the gym for over half the month. I called the LA Fitness corporate number and was told that in lieu of a refund for half of March's tuition, I would be rewarded with an extended "end by" date. Meaning that whenever the gym opens, if i chose to end my membership, my last day to use the facilities will be the same amount of time the gym was closed. Of course, I pointed out that that didn't cover the people who chose to stay with LA Fitness, and there was no answer for that.[1]

- La fitness closed due to coronavirus yesterday. I can't use the facility. It is closed. Therefore it is ridiculous that I've been assessed a membership fee today for the next 30 days. What am I paying for? I should not have been charged![2]

---

[1] https://www.bbb.org/us/ca/irvine/profile/health-club/la-fitness-1126-41156/complaints (last accessed Apr. 28, 2020)

[2] *Id*.

5

- Due to the COVID-19 We wanted to put our account on hold which we did however they still charged our account the full amount when we asked for that refund they said there is nothing they can do. I asked to speak to a manger which they refused to transfer me letting them know due to the virus we do not feel comfortable to go to the gym but they still refused to help and stated the virus has nothing to do with our membership[3]

- I'm a pay by month member, and I just see a charge this morning. Should the monthly charges be stopped? Please let us know what to do![4]

- Memberships being extended means nothing to pay by month members. Like….said, it should be prorated or not charged at all![5]

- It should be prorated…or not charge at all[6]

- You guys better refund my membership for march or I will be contacting the better business bureau point blank.[7]

- Are you paying staff with my automatic debit? I hope so cuz if not you shouldn't be charging me.[8]

- Yet still taking out dues for people when the gym isnt even open to use[9]

- So, you close the facility but you are still charging us to use the closed facility! What gives! You should NOT be CHARGING us until you re-open! I want my money back!

## CLASS ALLEGATIONS

### PROPOSED CLASS

29.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

---

[3] *Id.*
[4] https://www.facebook.com/LAFitness/ (last accessed Apr. 28, 2020).
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

30. Plaintiff brings this case on behalf of following Classes, defined as follows:

**Nationwide Class:**

All persons in the United States who (1) paid membership fees to Defendant (2) where these membership fees were for the use of Defendant's facilities during the month of March 2020; (3) have not received reimbursement for the membership fees paid during the month of March 2020; and (4) do not have an arbitration provision in their Membership Agreement with Defendant; or, in the alternative:

**Multi-State Consumer Protection Class:**

All persons in Illinois or any state with materially similar laws[10] who (1) paid membership fees to Defendant (2) where these membership fees were for the use of Defendant's facilities during the month of March 2020; (3) have not received reimbursement for the membership fees paid during the month of March 2020; and (4) do not have an arbitration provision in their Membership Agreement with Defendant; or, in the alternative:

**Illinois Class:**

All persons in Illinois or any state with materially similar laws who (1) paid membership fees to Defendant (2) where these membership fees were for the use of Defendant's facilities during the month of March 2020; (3) have not received reimbursement for the membership fees paid during the month of March 2020; and (4) do not have an arbitration provision in their Membership Agreement with Defendant.

---

[10] While discovery may alter the following, Plaintiff asserts that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to: Arkansas (Ark. Code § 4-88-101, et seq.); Colorado (Colo. Rev. Stat. § 6-1-101, et seq.); Connecticut (Conn. Gen. Stat. § 42-110, et seq.); Delaware (Del. Code tit. 6, § 2511, et seq.); District of Columbia (D.C. Code § 28-3901, et seq.); Florida (Fla. Stat. § 501.201, et seq.); Hawaii (Haw. Rev. Stat. § 480-1, et seq.); Idaho (Idaho Code § 48-601, et seq.); Illinois (815 ICLS § 505/1, et seq.); Maine (Me. Rev. Stat. tit. 5 § 205-A, et seq.); Massachusetts (Mass. Gen. Laws Ch. 93A, et seq.); Michigan (Mich. Comp. Laws § 445.901, et seq.); Minnesota (Minn. Stat. § 325F.67, et seq.); Missouri (Mo. Rev. Stat. § 407.010, et seq.); Montana (Mo. Code. § 30-14-101, et seq.); Nebraska (Neb. Rev. Stat. § 59 1601, et seq.); Nevada (Nev. Rev. Stat. § 598.0915, et seq,); New Hampshire (N.H. Rev. Stat. § 358-A:1, et seq.); New Jersey (N.J. Stat. § 56:8-1, et seq.); New Mexico (N.M. Stat. § 57-12-1, et seq.); New York (N.Y. Gen. Bus. Law § 349, et seq.); North Dakota (N.D. Cent. Code § 51-15-01, et seq.); Oklahoma (Okla. Stat. tit. 15, § 751, et seq.); Oregon (Or. Rev. Stat. § 646.605, et seq.); Rhode Island (R.I. Gen. Laws § 6-13.1-1, et seq.); South Dakota (S.D. Code Laws § 37-24-1, et seq.); Texas (Tex. Bus. & Com. Code § 17.41, et seq.); Virginia (VA Code § 59.1-196, et seq.); Vermont (Vt. Stat. tit. 9, § 2451, et seq.); Washington (Wash. Rev. Code § 19.86.010, et seq.); West Virginia (W. Va. Code § 46A-6- 101, et seq.); and Wisconsin (Wis. Stat. § 100.18, et seq.). *See Mullins v. Direct Digital, LLC*, No. 13-cv-1829, 2014 WL 5461903 (N.D. Ill. Sept. 30, 2014), aff'd, 795 F.3d 654 (7th Cir. 2015).

31. The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (as well as current or former employees, officers and directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and, (6) the legal representatives, successors, and assigns of any such excluded persons.

32. Plaintiff reserves the right to amend the definition of the Class if discovery and/or further investigation reveals that the Class should be expanded or otherwise modified.

33. Plaintiff does not know the exact number of members in the Class but believes Class Members number in the millions.

## NUMEROSITY

34. Upon information and belief, Defendant has harmed millions of consumers by keeping unearned membership fees. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable. The precise number of Class Members can be readily ascertained by reviewing documents in Defendant's possession, custody, and control.

35. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

## COMMONALITY

36. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: (1) whether Defendant breached its contract with Class Members by

failing to reimburse Plaintiff and Class Members unearned membership fees (2) whether Defendant unjustly enriched itself by failing to reimburse Plaintiff and Class Members unearned membership fees; (3) whether Defendant negligently enriched itself by failing to reimburse Plaintiff and Class Members unearned membership fees; (4) whether Defendant's conduct was unfair or deceptive; (5) whether Plaintiff and Class Members have suffered monetary damages; and (6) whether Plaintiff and Class Members are entitled to injunctive relief.

37. The common questions in this case are capable of having common answers. If Plaintiff' claims are accurate, Plaintiff and Class Members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

38. Plaintiff's claims are typical of the claims of Class Members, as they are all based on the same factual and legal theories.

### ADEQUACY

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Further, Plaintiff has no interests that are antagonistic to the Class. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by Class Members are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual

lawsuits. The likelihood of individual Class Members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and the Class)**

42. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

43. Pursuant to their Membership Agreement with Defendant, Plaintiff and Class Members agreed to pay membership fees to Defendant in exchange for access to Defendant's fitness facilities.

44. Plaintiff and Class Members complied with their contractual obligations as set forth in the Membership Agreements by paying their membership fees.

45. Defendant breached its contractual obligations as set forth in the Membership Agreements by charging Plaintiff and Class Members fees during a period in which Defendants did not provide access to its fitness facilities.

46. During the relevant time, Defendant's fitness facilities did not become unavailable. Rather, Defendant decided to voluntarily close its facilities without advance notice to Plaintiff and Class Members.

47. As a result of Defendant's breach of the Membership Agreements, Plaintiff and Class Members have been damaged in the amount of fees collected by Defendant for use of its facilities during

the month of March 2020.

48. Plaintiff and Class Members demand the applicable relief set forth in the Prayer for Relief below.

## COUNT II
## UNJUST ENRICHMENT
**(In the Alternative, On Behalf of Plaintiff and the Class)**

49. Plaintiff incorporates and realleges by reference each and every allegation contained in paragraphs 1-41 as if fully set forth herein.

50. Plaintiff brings this count in the alternative to any remedies at law to which Plaintiff and Class Members may be entitled.

51. Plaintiff and Class Members conferred a benefit upon Defendant in the form of membership fees paid to Defendant for use of its facilities during the month of March 2020.

52. Defendant had knowledge of the benefits conferred upon it by Plaintiff and Class Members.

53. Defendant was under a duty to provide access to its facilities in return for the membership fees paid to Defendant by Plaintiff and Class Members.

54. Further, Defendant had a duty to return these funds when it closed its facilities to Plaintiff and Class Members.

55. Under the circumstances, it would be unjust for Defendant to retain the benefit conferred upon it by Plaintiff and Class Members.

56. Defendant has been unjustly enriched and is required to refund Plaintiff and Class Members the benefits they conferred upon Defendant.

57. This Court should require Defendant to refund all membership fees it collected for use of its facilities during the month of March 2020 to prevent the wrongful retention of money in violation

of good conscience and fundamental principles of justice or equity.

58. Plaintiff and Class Members are entitled to and seek disgorgement and restitution of Defendant's wrongful profits in a manner established by the Court.

59. Plaintiff and Class Members demand the applicable relief set forth in the Prayer for Relief below.

## COUNT III
## NEGLIGENCE
**(On Behalf of Plaintiff and the Class)**

60. Plaintiff incorporates and realleges by reference each and every allegation contained in paragraphs 1-41 as if fully set forth herein.

61. Defendant had a duty to Plaintiff and Class Members to provide fitness facilities and services in exchange for the membership dues it collected from Plaintiff and Class Members for use of its facilities during the month of March 2020.

62. Defendant breached its duty to Plaintiff and Class Members by failing to provide fitness facilities and services, and by failing to reimburse Plaintiff and Class Members the membership fees that they paid.

63. Defendant knew or should have known that its wrongful acts would cause damage to Plaintiff and Class Members.

64. Defendant's conduct has directly and proximately caused damages to Plaintiff and Class Members in the amount of unearned membership fees paid by Plaintiff and Class Members.

65. Plaintiff and Class Members demand the applicable relief set forth in the Prayer for Relief below.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
### (On Behalf of Plaintiff and the Class)

66. Plaintiff incorporates and realleges by reference each and every allegation contained in paragraphs 1-41 as if fully set forth herein.

67. Defendant had a duty to Plaintiff and Class Members to fully disclose the availability of its fitness facilities, including its decision to voluntarily close its facilities.

68. Defendant breached its duty and was negligent to Plaintiff and Class Members by failing to advise Plaintiff and Class Members that it would be voluntarily closing its facilities before closing them.

69. Defendant knew or should have known that its wrongful acts and omissions would cause damages to Plaintiff and Class Members.

70. Defendant's conduct has directly and proximately caused damage to Plaintiff and Class Members.

71. Plaintiff and Class Members demand the applicable relief set forth in the Prayer for Relief below.

## Count V
## VIOLATIONS OF ILLINOIS' CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (On behalf of Plaintiff and the Class)

72. Plaintiff incorporates and realleges by reference each and every allegation contained in paragraphs 1-41 as if fully set forth herein.

73. The Illinois Consumer Fraud and Deceptive Business Practices Act prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the

"Uniform Deceptive Trade Practices Act." 815 ILCS 505/2.

74. Defendant committed unfair and deceptive acts by collecting funds for use of its facilities, not allowing individuals to use the facilities that they had paid for, and not returning the funds it had collected.

75. It is unfair and deceptive for Defendant to keep money paid by Plaintiff and Class Members when Defendant chose to close its facilities through no fault of Plaintiff or Class Members.

76. Defendant intended that Plaintiff and the Class rely on its unfair act of collecting funds for us of its facilities.

77. The Illinois Consumer Fraud and Deceptive Business Practices Act applies to Defendant's acts as described herein because it applies to transactions involving the sale of goods or services to consumers.

78. Plaintiff and each Class member are "consumers" as defined by Section 505/1(e) of the Illinois Consumer Fraud and Deceptive Business Practices Act.

79. Defendant is a "person" as defined by Section 505/1(c) of the Illinois Consumer Fraud and Deceptive Business Practices Act.

80. Defendants' conduct alleged herein occurred in "trade" or "commerce" as defined by Section 505/1(f) of the Illinois Consumer Fraud and Deceptive Business Practices Act.

81. Plaintiff and the Class were injured and have suffered damages as a direct and proximate result of Defendants' unfair acts and practices.

**COUNT VI**

**VIOLATION OF STATE CONSUMER PROTECTION STATUTES**

**(On Behalf of Plaintiff and the Multi-State Consumer Protection Class)**

82. Plaintiff incorporates and realleges by reference each and every allegation contained in paragraphs 1-41 as if fully set forth herein.

83. Plaintiff brings this action individually and on behalf of the Multi-State Consumer Protection Class.

84. Plaintiff and Class members have been injured as a result of Defendant's violations of the state consumer protection statutes listed above in paragraph 30 and footnote 10, which also provide a basis for redress to Plaintiff and Class members based on Defendant's fraudulent, deceptive, unfair and unconscionable acts, practices and conduct.

85. Defendant's conduct as alleged herein violates the consumer protection, unfair trade practices and deceptive acts laws of each of the jurisdictions encompassing the Multi-State Consumer Protection Class.

86. Defendant committed unfair and deceptive acts by collecting funds for use of its facilities, not allowing individuals to use the facilities that they had paid for, and not returning the funds it had collected.

87. Defendant violated the Multi-State Consumer Protection Class states' unfair and deceptive acts and practices laws by engaging in these unfair or deceptive acts or practices.

88. Plaintiff and the Class were injured and have suffered damages as a direct and proximate result of Defendants' unfair acts and practices.

89. Plaintiff and the other Multi-State Consumer Protection Class Members' injuries were proximately caused by Defendant's unfair and deceptive business practices.

90. As a result of Defendant's violations, Defendant has been unjustly enriched.

91. Pursuant to the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class members are entitled to recover compensatory damages, restitution, punitive and special damages including but not limited to treble damages, reasonable attorneys' fees and costs and other injunctive or declaratory relief as deemed appropriate or permitted pursuant to the relevant law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and Class Members, prays for the following relief:

a. A declaration that this lawsuit may properly be maintained as a class action and certifying the Class claims herein;

b. Award Plaintiff and Class Members actual damages, including the total amount of membership fees collected by Defendant for use of its facilities during the month of March 2020, as well as interest for the time period during which Defendant refuses to refund the fees.

c. Award Plaintiff and Class Members injunctive relief in the form of a guarantee by Defendant not to charge membership fees during periods when its facilities are voluntarily closed, as well as adopting policies and procedures to ensure that members are reimbursed fees collected for any period during which Defendant's facilities are voluntarily closed.

d. Award other declaratory and injunctive relief as permitted by law;

e. Award Plaintiff and Class Members damages flowing from the requested injunction;

f. Appoint the undersigned as Class Counsel;

g. Appoint Plaintiff as Representative of the Class;

h. Award reasonable attorneys' fees, filing fees, expert fees, and costs of suit to counsel based upon the benefit received by Plaintiff and Class Members; and

i. Award Plaintiff and Class Members any further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Date: December 15, 2020

Respectfully submitted,

| | |
|---|---|
| */s/ Katrina Carroll*<br>Katrina Carroll<br>**CARLSON LYNCH, LLP**<br>111 W. Washington Street, Suite 1240<br>Chicago, IL 60602<br>T: (312) 750-1265<br>E: kcarroll@carlsonlynch.com | **HIRALDO P.A.**<br>Manuel S. Hiraldo, Esq.<br>(*pro hac vice* application forthcoming)<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br>E: mhiraldo@hiraldolaw.com<br>T: 954.400.4713 |
| **IJH Law**<br>Ignacio J. Hiraldo, Esq.<br>(*pro hac vice* application forthcoming)<br>Florida Bar No. 0056031<br>1200 Brickell Ave Suite 1950<br>Miami, FL 33131<br>E: ijhiraldo@ijhlaw.com<br>T: 786.496.4469 | **THE LAW OFFICES OF JIBRAEL S. HINDI**<br>Jibrael S. Hindi<br>(*pro hac vice* application forthcoming)<br>Florida Bar No. 118259<br>110 SE 6th Street Suite 1744<br>Ft. Lauderdale, Florida 33301<br>E: jibrael@jibraellaw.com<br>T: 954-628-5793 |

*Counsel for Plaintiff and the Proposed Class*