IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIHU BLANKS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FITNESS INTERNATIONAL, LLC d/b/a/ LA FITNESS, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 1:20-cv-07421 <br><br> Honorable John J. Tharp Jr. |

**FITNESS INTERNATIONAL, LLC'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), defendant Fitness International, LLC d/b/a LA Fitness ("Fitness") moves for an order dismissing with prejudice plaintiff Elihu Blanks's Class Action Complaint (Dkt. 1) in its entirety for failure to state a plausible claim for relief. In support of this Motion, Fitness submits the accompanying memorandum of law, which Fitness incorporates by reference, and states as follows:

1. Plaintiff joined Fitness in 2012 when, pursuant to a written Membership Agreement with Fitness, he purchased a "paid in full" yearly membership for access to a Fitness health club in Chicago, Illinois. *See* Compl. ¶¶ 18-20. Plaintiff continually renewed his yearly membership, and paid his annual renewal fee on March 10, 2020. *See id*. ¶ 23.

2. On March 16, 2020, in an effort to protect the public's health in response to the COVID-19 outbreak, Governor J.B. Pritzker issued an executive order requiring the closure of all non-essential businesses in Illinois, "includ[ing] venues such as fitness centers/health clubs." *See* Ill. Exec. Order 2020-07 (March 16, 2020), available at https://www2.illinois.gov/Pages/Executive-Orders/ExecutiveOrder2020-07.aspx. On that same

day, Fitness announced the temporary closure of its clubs due to the COVID-19 pandemic (*see* Compl. ¶¶ 24, 28) and informed customers it would suspend all billing effective April 1, 2020. *See id.* ¶ 25. Fitness's Illinois clubs remained closed until June 26, 2020. *See id.* ¶ 4. When the clubs reopened, Fitness automatically extended the membership expiration date for members who—like Plaintiff—had "paid in full" memberships and therefore had paid in advance their yearly membership fee in full prior to the state-mandated closure to cover the full period of time the clubs were not available to those members. *See id.* ¶ 7.

3. Despite this extension, and although Plaintiff does not allege he ever requested a refund, Plaintiff filed this putative class action lawsuit on December 15, 2020, claiming Fitness "wrongfully refus[ed]" to refund him for the three months Fitness was forced to temporarily close his club. *See* Compl. ¶ 6. Plaintiff asserts six causes of action against Fitness, for breach of contract (Count I), unjust enrichment (Count II), negligence (Count III), negligent misrepresentation (Count IV), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count V), and violations of the consumer fraud protection statutes of at least twenty-eight other states (Count VI). *See generally* Compl. Plaintiff's claims are all defective and merit dismissal.

4. **First,** Plaintiff's "breach of contract" claim (Count I) is fatally defective. Plaintiff asserts Fitness breached the Membership Agreement by not "refunding the unearned membership fees" (Compl. ¶ 6), but fails to point to any specific contract provision Fitness allegedly breached. To the contrary, the Membership Agreement imposes no obligation on Fitness to automatically provide a refund. Plaintiff's failure to identify any contract language that would support the existence of his claimed contractual rights against Fitness warrants dismissal. *See Burke v. 401 N. Wabash Venture, LLC*, No. 08 C 5330, 2010 U.S. Dist. LEXIS 57413, at *6 (N.D. Ill. June 9,

AMERICAS 106100506

2010). Plaintiff's claim also fails because Fitness automatically extended the expiration date of his membership to cover the period of time Fitness was forced to close his club, resulting in Plaintiff receiving the full twelve months of membership he paid for. Because Plaintiff received the benefit of his bargain, the contract here was performed by Fitness as required, and thus there was no breach. Finally, Plaintiff's claim should be dismissed due to impossibility of performance. The complaint's allegations and judicially noticeable public records establish it was impossible for Fitness to provide Plaintiff access to its clubs while government shutdown orders were in place from March 16, 2020, until June 26, 2020. *See Semrow v. Harmswood Stables N., Inc.*, 426 N.E.2d 988, 992 (Ill. App. Ct. 1981).

5. **Second,** Plaintiff's unjust enrichment claim (Count II) fails because this claim exists only in the absence of an express contract governing the parties' relationship, and the complaint itself alleges an express contract, namely the Membership Agreement, governs the parties' conduct. *See* Compl. ¶¶ 19-20; 30; 43-45; 49. Thus, "the doctrine of unjust enrichment has no application." *Gociman v. Loyola Univ. of Chi.*, No. 20 C 3116, 2021 U.S. Dist. LEXIS 13238, at *13 (N.D. Ill. Jan. 25, 2021).

6. **Third,** Plaintiff's negligence and negligent misrepresentation claims (Counts III and IV) should be dismissed under Illinois's economic loss rule, also known as the *Moorman* doctrine, which "bars recovery in tort for purely economic losses arising out of a failure to perform contractual obligations." *Propitious, LLC v. Badger Mut. Ins. Co.*, No. 18 CV 1405, 2019 U.S. Dist. LEXIS 19582, at *12 (N.D. Ill. Feb. 7, 2019) (citation omitted). Plaintiff's alleged damages—"the amount of unearned membership fees" (*id.* ¶ 64)—are purely economic and stem entirely from Fitness's alleged breach of the Membership Agreement. *See* Compl. ¶¶ 64, 70, 81, 91, and p. 16. "[T]hese are the types of economic damages contemplated by the *Moorman*

doctrine, and, thus, they are not recoverable in a negligence action." *Propitious*, 2019 U.S. Dist. LEXIS 19582, at *14.

7. **Fourth,** Plaintiff's negligence and negligent misrepresentation claims also fail because they are insufficiently pled. The Court should dismiss Count III because Plaintiff does not "allege facts establishing that the defendants owed a duty to communicate accurate information separate and apart from its contractual obligations." *Id.* at *13; *ARH Distribs., Inc. v. ITT Commercial Fin. Corp.*, No. 87 C 511, 1987 U.S. Dist. LEXIS 8968, at *9 (N.D. Ill. Sep. 24, 1987) (dismissing negligence claim where "plaintiffs have nowhere alleged the source of this independent 'duty' they seek to impose on the defendants"). The Court should dismiss Count IV because Plaintiff fails to allege sufficiently several essential elements of a negligent misrepresentation claim. For instance, while Plaintiff alleges Fitness "had a duty to Plaintiff and Class Members to fully disclose the availability of its fitness facilities" (Compl. ¶ 67), Plaintiff "does not identify the source of the duty in [his] complaint." *SFRL Inc. v. Galena State Bank & Tr. Co.*, No. 11 C 50277, 2012 U.S. Dist. LEXIS 94928, at *11 (N.D. Ill. July 10, 2012). Plaintiff likewise fails to allege *any* specific misrepresentations by Fitness upon which he relied, or that Fitness acted with the necessary intent. Instead, Plaintiff merely recites the elements of this cause of action, which is clearly insufficient. *See Yourglass v. Progressive N. Ins. Co.*, No. 14-cv-221-DRH-SCW, 2015 U.S. Dist. LEXIS 10588, at *7 (S.D. Ill. Jan. 29, 2015).

8. **Fifth,** Plaintiff's ICFA claim (Count V) fails because it is insufficiently pled and because it is barred by the Membership Agreement. The complaint fails to allege any deceptive or unfair conduct by Fitness that proximately caused harm to Plaintiff, much less with the specificity Rule 9(b) requires. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). Plaintiff does not allege he saw, heard, or

4

relied on *any* specific misstatement or omission by Fitness, nor does he identify the time and place the alleged fraud occurred, the content of the misrepresentations or omissions, or the identity of the individuals who made them, all of which warrants dismissal. *See Smith v. NVR, Inc.*, No. 17 C 8328, 2018 U.S. Dist. LEXIS 94712, at *6-7 (N.D. Ill. June 6, 2018). Count V also fails as a matter of law because "[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005). Plaintiff alleges Fitness "committed unfair and deceptive acts by collecting funds for use of its facilities, not allowing individuals to use the facilities that they paid for, and not returning the funds it had collected" (Compl. ¶ 74), but these allegations "are nothing more than restatements of the claimed breach of contract, albeit using the language of fraud." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011).

9. **Sixth,** Plaintiff's claim for violations of close to thirty non-Illinois consumer fraud state statutes in Count VI fails because he lacks standing to assert these claims. Plaintiff does not allege he was injured in any state except Illinois, and he "cannot predicate standing on injury which he does not share." *Wilkins v. Just Energy Grp., Inc.*, 171 F. Supp. 3d 798, 806 (N.D. Ill. 2016). Moreover, even if Plaintiff had standing, his multi-state claims fail for the same reasons as his deficient ICFA claim. *See Halperin v. Int'l Web Servs., LLC*, 123 F. Supp. 3d 999, 1009 (N.D. Ill. 2015) (Where plaintiff "has not adequately pleaded a consumer fraud claim under Illinois law . . . he cannot represent either an Illinois class under the ICFA or a multi-state class under the other nine States' consumer fraud laws.").

WHEREFORE, for the foregoing reasons, and for the reasons set forth in its accompanying memorandum of law, Fitness respectfully requests the Court enter an order dismissing the complaint in its entirety with prejudice.

AMERICAS 106100506

Dated: February 8, 2021                    Respectfully submitted,

**WHITE & CASE LLP**

By: *s/ Matthew R. Devine*
    Matthew R. Devine
    matthew.devine@whitecase.com
    111 South Wacker Drive, Suite 5100
    Chicago, IL 60606
    Telephone: (312) 881-5400
    Facsimile: (312) 881-5450

*Counsel for Defendant Fitness International, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 8, 2021, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: *s/ Matthew R. Devine*
    Matthew R. Devine

AMERICAS 106100506