IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIHU BLANKS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 20 C 07421 |
| FITNESS INTERNATIONAL, LLC d/b/a LA FITNESS, | ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendant. | ) | |

## ORDER

For the reasons set forth in the Statement below, the defendant's motion to dismiss [18] is granted. This case is dismissed with prejudice and final judgment will be entered for the defendant. All deadlines are stricken, and any pending motions are denied as moot. Civil case terminated.

## STATEMENT

On March 16, 2020, defendant Fitness International, LLC, doing business as LA Fitness ("LA Fitness"), temporarily closed its facilities nationwide in response to the COVID-19 pandemic. LA Fitness's facilities remained closed for about three months, until June 26, 2020. The plaintiff, Elihu Blanks, paid his annual membership fee on March 10, 2020, less than a week before his LA Fitness gym closed. LA Fitness did not provide Blanks with a refund for the three months and ten days that its facilities were unavailable. On March 30, 2020, LA Fitness offered its members an extended membership or a three-month membership for a friend or family member. Members could choose between the two offers online, and the Terms and Conditions included a "Limitation of Liability" clause providing that LA Fitness would keep membership fees for the time that its facilities were closed. Blanks does not allege that he chose either option. Regardless, on June 23, 2020, LA Fitness notified Blanks and other members that it would be reopening its facilities in Illinois on June 26, 2020, and that it would extend memberships to cover the amount of time that its facilities were closed. Re-Opening Notice, Def.'s Mem. in Supp., Ex. B, ECF No. 19-2.

After he received an extension of his membership, Blanks sued LA Fitness in this court on behalf of himself and a putative class under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[1] In response to LA Fitness's motion to dismiss the complaint, Blanks filed an amended

---

[1] Normally, in cases brought pursuant to diversity jurisdiction, the Court requires that plaintiffs allege the citizenships of all of an LLC's members. Under CAFA, however, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Blanks

complaint in which he asserts state law claims for breach of contract, unjust enrichment, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1-12. LA Fitness has again moved to dismiss for failure to state a claim.

"In order to survive a motion to dismiss on the pleadings, the complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Flores v. City of South Bend*, 997 F.3d 725, 728-29 (7th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). On a motion to dismiss, the Court views all facts in the light most favorable to the plaintiff and makes all reasonable inferences in the plaintiff's favor. *Flores*, 997 F.3d at 728.

I. **Breach of Contract**

Blanks fails to allege a plausible claim for breach of contract under Illinois law. In its Motion to Dismiss, LA Fitness argues that it did not breach the parties' membership agreement[2] because it had the authority to close facilities and freeze memberships under the contract without refunding membership fees. It also argues that even if the agreement did not provide that authority, its performance was excused by the defense of impossibility. The Court agrees on both counts.

Under the membership agreement, "L.A. Fitness, in its sole and absolute discretion, reserves the right to close any Club facility." Membership Agreement 2, Def.'s Mem. in Supp., Ex. A, ECF No. 19-1. The membership agreement also gives LA Fitness the authority to place memberships "on an inactive status (frozen)." *Id.* In neither case does the membership agreement obligate LA Fitness to refund membership fees for the period during which access to facilities is denied; to the contrary, the agreement sets forth a limited number of circumstances in which refunds are due and a temporary inability to access facilities is not one of them. Indeed, the membership agreement expressly provides that "[n]o refunds shall be made for Membership dues paid" except for the enumerated circumstances. *See id.* Simply put, LA Fitness did not breach the membership agreement by failing to refund Blanks' prepaid annual fee because it had no duty under that agreement to do so.

Recognizing as much, Blanks attempts to bring a claim for breach of the covenant of good faith and fair dealing. He asserts this theory as a distinct claim, but under Illinois law, the covenant of good faith and fair dealing does not provide an independent cause of action. That is not a reason to disregard the theory, however, because it can serve as a basis for a breach of contract claim. The covenant is implied in all contracts and "is a limitation on the exercise of … discretion, requiring the party vested with discretion to exercise it reasonably and with proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the parties' reasonable expectations." *Gore v. Ind. Ins. Co.*, 376 Ill. App. 3d 282, 286, 876 N.E.2d 156, 161-62 (1st Dist. 2007). Blanks argues that LA Fitness improperly exercised its discretion by closing its facilities without issuing refunds, but

---

alleges that LA Fitness has its principal place of business in California and is also organized under the laws of California. Thus, he has adequately alleged LA Fitness's citizenship under CAFA.

[2] The Court may consider the documents attached to the motion to dismiss without converting the motion into a motion for summary judgment because "they are referenced in the complaint and central to the plaintiff's claim." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021).

even without the governor's executive orders, LA Fitness cannot be said to have acted arbitrarily or capriciously in temporarily closing its facilities in response to an unprecedented global pandemic. Any allegations that LA Fitness knew in mid-March 2020 how long it would close facilities or how long the executive orders would last are similarly implausible.

Blanks' beef, moreover, is not that LA Fitness temporarily closed but that it did so without refunding his membership payment. But in light of the unambiguous contractual limitation of any duty to refund prepaid membership fees, Blanks cannot show that he had a reasonable expectation that LA Fitness would refund his prepaid fee if forced to close temporarily. *See, e.g.*, *Cont'l Mobile Tel. Co. v. Chi. SMSA Ltd. P'ship*, 225 Ill. App. 3d 317, 324, 587 N.E.2d 1169, 1174 (1st. Dist. 1992) (contractual provision that allowed defendant to raise its rates "at its sole discretion and at any time … negat[ed] any inference that defendant's actions were outside the contemplation of the parties and could be characterized as a breach of good faith"). "Illinois law holds that parties to a contract are entitled to enforce the terms to the letter and an implied covenant of good faith cannot overrule or modify the express terms of a contract." *Cromeens, Holloman, Sibert, Inc v. AB Volvo*, 349 F.3d 376, 395-96 (7th Cir. 2003); *see also, e.g.*, *Leak v. Bd. of Educ. of Rich Twp. High Sch. Dist. 227*, 2015 IL App (1st) 143202, ¶ 14, 41 N.E.3d 501, 506 ("an implied covenant of good faith cannot overrule or modify the express terms of a contract"). As relevant here, the membership agreement says: "[n]o refunds shall be made for Membership dues." It is not bad faith, then, not to refund membership fees.

LA Fitness also contends that the doctrine of impossibility excused its delayed performance. The Court agrees. Legal impossibility excuses performance of a contract when performance is made impossible by operation of law. *Innovative Modular Sols. v. Hazel Crest Sch. Dist. 152.5*, 2012 IL 112052, ¶ 37, 965 N.E.2d 414, 421, *as modified on denial of reh'g* (Mar. 26, 2012). Illinois courts narrowly construe the defense; it only excuses performance when "the events or circumstances which [the party] claims rendered … performance impossible were not reasonably foreseeable at the time of contracting." *YPI 180 N. LaSalle Owner, LLC v. 180 N. LaSalle II, LLC*, 403 Ill. App. 3d 1, 6-7, 933 N.E.2d 860, 865 (1st Dist. 2010). If a party's performance is made temporarily impossible, that party "is usually expected to perform in full and is entitled to an appropriate extension of time for performance" once performance becomes possible. Restatement (Second) of Contracts § 269 cmt. a (Am. L. Inst. 1981). Impossibility is an affirmative defense. Federal courts dismiss claims based on affirmative defenses, however, "where, as here, the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

Blanks' complaint establishes LA Fitness's affirmative defense. In his complaint, Blanks alleges that LA Fitness closed its facilities on March 16, 2020, the day that Illinois Governor J.B. Pritzker issued an executive order that mandated gym closures.[3] Although the orders that forced

---

[3] The Court takes judicial notice of the March 16, 2020 Executive Order 2020-07 that prohibited any "activity that brings together 50 or more people in a single room or a single space at the same time. … includ[ing] venues such as fitness centers/health clubs," the March 20, 2020 Executive Order 2020-10 that mandated closures of nonessential businesses, and the June 26, 2020 Executive Order 2020-43 that allowed exercise facilities to reopen as part of the Phase Four reopening. The Court may take judicial notice of these matters of public record without converting this motion to dismiss into a motion for summary judgment. *Robinson v. Kelley*, No. 18-cv-07026,

gym closures took effect on March 18, 2020 (barring gatherings of over 50 people), and March 21, 2020 (mandating the closure of all nonessential businesses, explicitly including "fitness and exercise gyms"), the earlier closure does not bar the impossibility defense. Exec. Order 2020-07; Exec. Order 2020-10. LA Fitness made its closure decision in reaction to both government mandates and also in reaction to an unprecedented and rapidly spreading pandemic. Neither the executive orders nor the COVID-19 pandemic was reasonably foreseeable when Blanks signed his membership agreement in 2012. LA Fitness reopened its facilities in Illinois on June 26, 2020, the very first day that it was allowed to reopen as part of Illinois' Phase 4 reopening plan. Exec. Order 2020-43. LA Fitness, therefore, was excused from performing during the temporary period of impossibility and resumed its performance promptly when the conditions that rendered it impossible to perform abated.

## II. Unjust Enrichment

Blanks also fails to state a claim for unjust enrichment. To plausibly allege a claim for unjust enrichment, Blanks "must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160, 545 N.E.2d 672, 679 (1989); *Toushin v. Ruggiero*, 2021 IL App (1st) 192171, ¶ 80 (June 25, 2021). Unjust enrichment is an equitable remedy and is unavailable when there is an adequate remedy at law. *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 604, 836 N.E.2d 681, 704 (1st Dist. 2005). "Where there is a specific contract that governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Nesby v. Country Mut. Ins. Co.*, 346 Ill. App. 3d 564, 567, 805 N.E.2d 241, 243 (5th Dist. 2004).

A specific contract does govern the relationship of the parties. "In Illinois, an offer, an acceptance and consideration are the basic ingredients of a contract." *Melena v. Anheuser-Busch, Inc.*, 219 Ill. 2d 135, 151, 847 N.E.2d 99, 109 (2006). Blanks argues, in the alternative to his breach of contract claim, that the membership agreement is not enforceable. He contends that the contract is illusory because LA Fitness has not promised to do anything in light of its "right to close any Club facility." Membership Agreement 2. An illusory promise does not constitute consideration because "the promisor has not promised to do anything" or "the performance is optional." *Keefe v. Allied Home Mortg. Corp.*, 393 Ill. App. 3d 226, 229-30, 912 N.E.2d 310, 314 (5th Dist. 2009) (quoting *W.E. Erickson Constr., Inc. v. Chi. Title Ins. Co.*, 266 Ill. App. 3d 905, 909, 641 N.E.2d 861, 864 (1st Dist. 1994)).

The membership agreement is not an illusory contract. As he acknowledges in his complaint, LA Fitness promised access to exercise facilities in exchange for Blanks' annual membership fees. The right to close facilities during the contract term does not render LA Fitness's promise illusory because it does not negate its obligation to perform by providing access to exercise facilities unless and until closed. To see the point, consider that it would have been a breach of the membership agreement for LA Fitness to deny Blanks access to a facility that was open for operation (assuming the membership he paid for included access to that facility), but not to close the facility altogether. Blanks argues that the agreement is nevertheless illusory because

---

2020 WL 2745971, at *2 (N.D. Ill. May 27, 2020) (citing *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008)).

customers' "only remedy is to cancel their Membership Agreements and forego any amounts paid to Defendant," First Am. Compl. ¶ 64, ECF No. 13, but exclusive remedy provisions are enforceable under Illinois law. *Hicks v. Airborne Express, Inc.*, 367 Ill. App. 3d 1005, 1010, 858 N.E.2d 48, 54 (5th Dist. 2006) ("Parties by an express agreement may contract for an exclusive remedy that limits their rights, duties, and obligations.") (cleaned up). The membership agreement "does not lack mutuality merely because its obligations appear unequal or because every obligation or right is not met by an equivalent counter obligation or right in the other party." *Keefe*, 393 Ill. App. 3d at 230 (quoting *Piehl v. Norwegian Old Peoples' Home Soc'y of Chi.*, 127 Ill. App. 3d 593, 595, 469 N.E.2d 705, 706 (1st Dist. 1984)).

Thus, the agreement is enforceable, and unjust enrichment does not apply. Even if the agreement were not enforceable, however, the complaint would still fail to state a plausible unjust enrichment claim. "Under Illinois law, unjust enrichment is not a separate cause of action. 'Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct.'" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011) (quoting *All. Acceptance Co. v. Yale Ins. Agency, Inc.*, 271 Ill. App. 3d 483, 492, 648 N.E.2d 971, 977 (1st Dist. 1995)). As discussed above, and further below, whatever benefit LA Fitness derived from not refunding prepaid membership fees during the three months it was closed at the outset of the pandemic, that benefit was not wrongfully procured, and Blanks has no claim based on LA Fitness's retention of prepaid membership fees. Blanks received the benefit of the bargain; LA Fitness extended his membership's end date to cover the time that he was denied access. He received the 12 months of access he purchased, and his claim that LA Fitness was unjustly enriched fails.

### III. Illinois Consumer Fraud and Deceptive Business Practices Act

Blanks final theory in support of his claim for refund of his membership fee is that LA Fitness's conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act. To state a claim under the Act based on unfair conduct, the plaintiff must allege one or more of three factors: that "the practice or action (1) offends public policy, (2) is immoral, unethical, oppressive or unscrupulous [or] (3) causes substantial injury to consumers." *Pantoja-Cahue v. Ford Motor Credit Co.*, 375 Ill. App. 3d 49, 60, 872 N.E.2d 1039, 1048 (1st Dist. 2007).

Blanks fails to—and cannot—plausibly allege that any of the three factors applies. He claims that it was unfair to collect and keep membership fees after closing. LA Fitness did not violate state or federal law by not refunding membership fees, and the complaint does not plausibly allege that LA Fitness violated public policy. *G.M. Sign, Inc. v. Elm St. Chiropractic, Ltd.*, 871 F. Supp. 2d 763, 769 (N.D. Ill. 2012) (holding that defendant violated public policy because it broke Illinois and federal law). Under the doctrine of temporary impossibility, LA Fitness was entitled to wait to perform until the impossibility ended. Blanks alleges that LA Fitness kept collecting fees through April 2020, but Blanks paid his membership fees **before** LA Fitness announced closures; on March 10, 2020, there was nothing plausibly unfair about charging Blanks his annual fees to maintain his membership. Blanks does not allege that LA Fitness delayed closing its facilities (indeed, it could not). Neither does he allege that LA Fitness had advance notice of the pandemic or executive orders. The pandemic and executive orders caused the delay in performance, and Blanks cannot plausibly allege otherwise. Keeping Blanks' membership fees

was not against public policy or "immoral, unethical, oppressive or unscrupulous" because LA Fitness was contractually entitled to retain those fees and reopened its facilities the very day it could legally do so. Blanks was not substantially injured because he received a full 12-month membership. He cannot, therefore, allege any of the three factors applies, and he cannot state a claim under the Act.

      For the foregoing reasons, the defendant's motion to dismiss is granted. Because the infirmities in the complaint flow from the immutable provisions of the membership agreement, they cannot be cured by repleading (and in any event because Blanks has already had the opportunity to replead in response to the original motion to dismiss and has not requested a further opportunity to replead in the event the motion is granted), the dismissal is with prejudice.

Dated: February 15, 2022

John J. Tharp, Jr.
United States District Judge